EL PUEBLO, DEMANDANTE Y APELADO, *v.* VÉLEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito de alteración de la paz pública.

No. 1198.—Resuelto en diciembre 21, 1917.

ALTERACIÓN DE LA PAZ PÚBLICA—USO DE ARMAS MORTÍFERAS EN PERSECUCIÓN DE UN LADRÓN DENTRO DEL HOGAR DE UN VECINO.—Admitiendo *ad arguedum*

*causa* que una persona pueda perseguir a un ladrón hasta dentro de la casa de su vecino y allí arrebatarle la cosa robada sin incurrir en responsabilidad penal por razón de la ausencia de intención criminal, sin embargo, si el perseguidor sin aparente justificación o excusa recurre al uso de armas mortíferas para realizar su propósito, perturbando así la tranquilidad del hogar será culpable del delito de alteración de la paz.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. H. F. Dottin.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

José Vélez sacó de su bolsillo la suma de $5 en billetes de banco, los pasó de una mano a otra para buscar menudo para pagarle a Narciso Rosado 25 centavos que le debía, cuando Rosado le arrebató los billetes de las manos y tomó las de villadiego refugiándose en casa de Fidel Correa.

La prueba del Fiscal nos revela que Vélez siguió a Rosado hasta dentro de la cosa de Correa y que allí tuvo lugar una refriega dando por resultado el que se rompieran algunos adornos de salón y el que se alterase la paz y tranquilidad de Francisca Osorio esposa de Correa, que como a la sazón hallábase en ropas menores llamó al momento a su esposo.

Fidel dice que cuando llegó estaban los dos hombres agarrados, que ellos peleaban, que Narciso se tapaba con una silla y que el testigo, viendo que tanto su presencia como su orden para que se fueran de su morada fueron desatendidas, se metió en otra habitación, cogió un revólver que tenía para la defensa de su hogar, y disparó al aire, hiriendo a José Vélez. El no trata de reconciliar la circunstancia de herir en una pierna al intruso con la de disparar al aire, sino que deja por completo esta cuestión a la imaginación de la corte. Por consiguiente su declaración cuando menos se halla abierta para la interpretación de que el espacio comprendido en la habitación no estaba vacío.

Al terminar la defensa su examen de repreguntas el tes-

tigo también menciona el interesante detalle de que Vélez le tiraba a tajar con una navaja a Rosado, pizca de información nueva al parecer sobre la que hizo hincapié el fiscal en el re-examen directo.   Incidentalmente cuando el testigo llegó a este punto se insinúa que Rosado empleó la silla como arma contundente más bien que como escudo de defensa.

Vélez dice que él y Correa no estaban muy de buenas por razón de que le debía $3 a Correa, quien niega la existencia tanto de la enemistad como de la deuda.   Vélez manifiesta también que él había prometido pagar la susodicha deuda cuando volviera a trabajar y que Correa le había contestado que sabía que lo iba o embrollar, pero que se la pagaba de cualquier manera.

Hay otra prueba que no necesitamos discutir.

Celebrado en la corte de distrito un juicio *de novo,* Vélez fué convicto por alterar la paz y condenado a sufrir la pena de dos meses de cárcel y al pago de costas.   Lo que le sucedió a Correa y a Rosado no aparece de los autos, y por supuesto no es sustancial.   Lo mencionamos meramente en relación con el tercer motivo de error, *infra,* que carece por completo de méritos.   El apelante insiste en que:

"*Primero:* La corte sentenciadora, a juicio del acusado, cometió error al dictar sentencia condenatoria contra él, porque en el juicio se probó que los hechos realizados por el acusado fueron muy distintos a lo relatado en la denuncia, y que hubo ausencia total, de parte de José Vélez, de *malicia* e *intención* de alterar la paz.

"*Segundo:* La corte cometió error al condenar al acusado José Vélez por alteración de la paz, toda vez que se probó en el juicio que los actos realizados por él fueron cometidos en defensa de su propiedad y no constituyen tal alteración de la paz.

"*Tercero:* La corte cometió error al sentenciar a José Vélez por alteración de la paz, porque se probó en el juicio, por unanimidad de testimonio, que fueron otros los culpables del mencionado delito, pero no el acusado José Vélez.

No necesitamos hacer distinciones en este momento sobre

el grado exacto de fuerza que puede legalmente una persona emplear para recuperar bienes muebles ilegalmente arrebatados por otra persona. Nos remitimos sin comentarios a una acotación en el caso de *Kirby* v. *Foster,* 14 L. R. A. 317 y a 5 C. J. 775, como punto de partida para ulteriores investigaciones sobre esta cuestión. Admitiendo *ad arguendum causa* de que una persona puede perseguir a un ladrón hasta dentro del hogar de su vecino y allí arrebatarle la cosa robada sin incurrir en responsabilidad criminal por una posible alteración de la paz por razón de la ausencia de una intención criminal, sin embargo no se sigue que el perseguidor en caso semejante pueda sin aparente justificación o excusa recurrir al uso de armas mortíferas para realizar su propósito.

El juez sentenciador pudo haber creído y es de presumir que creyó el testimonio de Correa aunque ningún otro testigo llegó a ver la navaja y el acusado niegue que la tuviese, punto hasta el cual su testimonio está corroborado hasta cierto punto y el modo en que se ha desarrollado este aspecto del caso quita la posibilidad de la narrativa según la ha contado Fidel. No se ha planteado la cuestión de la defensa propia, basándose la teoría del acusado según se desprende de su propia declaración y la de otros testigos en que el acusado no llegó a entrar en absoluto a la casa. No consta que el uso innecesario de la navaja no produjese directamente el empleo de la silla y consiguiente destrucción de los objetos de adorno y perturbación de la paz.

Nos vemos inclinados a sostener, sin embargo, que la pena impuéstale al acusado es algo excesiva. El acusado, según parece, llegó a pasar algún tiempo, recluído en un hospital si no en la cárcel. Dadas las circunstancias del caso, creemos que para satisfacer los fines de la justicia, bastaría con una pena de cinco dollars de multa con la alternativa de prisión a falta de pago de la misma.

La sentencia apelada debe ser modificada de conformidad y confirmada con la susodicha modificación.

> *Confirmada la sentencia apelada, pero modificándola en el sentido de condenar al acusado a $5 de multa y en defecto de pago a un día de cárcel por cada dólar.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.